UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

    -v-

MICHELLE HEIRS,

                              Defendant.

No. 19-CV-1273 (KMK)

OPINION & ORDER

Appearances:

Stephen J. Vargas, Esq.
Gross Polowy LLC
Westbury, NY
*Counsel for Plaintiff*

Michelle Heirs
Yonkers, NY
*Pro se Defendant*

KENNETH M. KARAS, District Judge:

      Freedom Mortgage Corporation ("Plaintiff") brings this Action against pro se Defendant Michelle Heirs ("Defendant") seeking to foreclose on a mortgage encumbering 3 Prospect Drive, Yonkers, NY 10705, together with its land, buildings, and other improvements (the "Property"). (*See* Compl. ¶ 1(Dkt. No. 1).)  Before the Court is Plaintiff's Motion for Summary Judgment (the "Motion").  (*See* Not. of Mot. (Dkt. No. 18).)  For the following reasons, the Motion is granted.

## I.  Background

### A.  Factual Background

      The following facts are taken from Plaintiff's statement pursuant to Local Civil Rule 56.1, (Pl.'s Rule 56.1 Statement in Supp. of Mot. ("Pl.'s.' 56.1") (Dkt. No. 21)), and

accompanying exhibits, (Decl. of Stephen J. Vargas in Supp. of Mot. for Summ. J. ("Vargas Decl.") (Dkt. No. 19)), and are recounted "in the light most favorable to" Defendant, the non-movant. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) (quotation marks omitted). Plaintiff has sent the required Local Rule 56.2 Notice to Defendant. (See Not. to Pro se Litigant (Dkt. No. 21 at 4).)[1]

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Id.* at 56.1(b). "If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule." *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (citation and quotation marks omitted); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (same). "A pro se litigant is not excused from this rule," *Brandever v. Port Imperial Ferry Corp.*, No. 13-CV-2813, 2014 WL 1053774, at *3 (S.D.N.Y. Mar. 13, 2014) (italics omitted). Here, Plaintiff filed and served its statement pursuant to Rule 56.1, (*see* Pl.'s 56.1), in addition to the requisite statement notifying Defendant of the potential consequences of not responding to the Motion, as required by Local Rule 56.2, (Notice to Pro se Litigant). Despite this notice, Defendant failed to submit a response to Plaintiff's 56.1 Statement of Facts. Accordingly, the Court may conclude that the facts in Plaintiff's 56.1 Statement are uncontested and admissible. *See Brandever,* 2014 WL 1053774, at *3 (concluding that because the pro se plaintiff did not submit a Rule 56.1 statement in response to the defendant's statement of facts, "there [were] no material issues of fact"); *Anand v. N.Y. State Div. of Hous. & Cmty. Renewal*, No. 11-CV-9616, 2013 WL 4757837, at *7 (S.D.N.Y. Aug. 29, 2013) (same).

Nevertheless, in light of the "special solicitude" afforded to pro se litigants "when confronted with motions for summary judgment," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), the Court will "in its discretion opt to conduct an assiduous review of the record" when deciding the instant Motion, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). *See Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 349 (E.D.N.Y. 2014) ("Although [the] plaintiffs did not file a Rule 56.1 statement, the Court has independently reviewed the record to ensure that there is uncontroverted evidence to support the paragraphs referenced in [the] defendants' Rule 56.1."); *Cherry v. Byram Hills Cent. Sch. Dist.*, No. 11-CV-3872, 2013 WL 2922483, at *1 (S.D.N.Y. June 14, 2013) (italics omitted) ("[W]here a pro se plaintiff fails to submit a proper . . . Rule 56.1 statement in opposition to a summary judgment motion, the [c]ourt retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." (quotation marks omitted)); *Pagan v. Corr. Med. Servs.*, No. 11-CV-1357, 2013 WL 5425587, at *2 (S.D.N.Y. Sept. 27, 2013) (explaining that "[t]he [c]ourt ha[d] considered the

On April 25, 2016, Defendant obtained a residential home mortgage loan from Greenway Mortgage Funding Corp. ("Greenway"), in the original principal sum of $365,345.00, memorialized in a promissory note dated April 25, 2016 ("the Note"), and secured by a mortgage on the Property dated April 25, 2016 ("the Mortgage"). (*See* Pl.'s 56.1 ¶ 1.) The Mortgage was recorded in the Office of the Westchester County Clerk on May 4, 2016. (*Id.*) An Assignment of Mortgage, dated October 19, 2018, from Mortgage Electronic Registration Systems, Inc. (as nominee for Greenway) to Plaintiff was recorded on December 18, 2018. (*See* Vargas Decl. Ex. F (Aff. of Erica Tracy ("Tracy Aff.")) ¶ 3 (Dkt. No. 19-1).) Accordingly, Plaintiff is the holder of the Note and assignee of the Mortgage. (*See* Pl.'s 56.1 ¶ 2.)

Since July 1, 2018, Defendant has not made payments on the loan, and under the terms and conditions of the Note, the loan is now in default. (Tracy Aff. ¶ 4; Pl.'s 56.1 ¶ 3.) On July 6, 2018, in compliance with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, Plaintiff sent a 90-day pre-foreclosure notice, listing at least five housing counseling agencies, to Defendant at the Property via first class and certified mail. (Tracy Aff. ¶ 5.) Also on July 6, 2018, in compliance with RPAPL § 1306(2), Plaintiff electronically filed notice with the Superintendent of Financial Services. (Tracy Aff. ¶ 5; Pl.'s 56.1 ¶ 5.) Finally, Plaintiff mailed a notice of default dated October 18, 2018 to Defendant at the Property via first class mail. (Tracy Aff. ¶ 7; Pl.'s 56.1 ¶ 6.)

B. Procedural History

Plaintiff commenced this Action on February 11, 2019. (*See* Compl.) Although Defendant was served on March 6, 2019, (Dkt. No. 7), Defendant initially failed to file an

---

[motions for summary judgment] in light of the entirety of the record to afford [the pro se] [p]laintiff the special solicitude to which he [was] entitled" where the plaintiff failed to submit a Rule 56.1 response).

3

Answer by the March 27, 2020 deadline.  (Dkt. No. 8.)  On April 3, 2019, the Clerk of Court issued a Certificate of Default.  (Dkt. No. 9.)  On April 22, 2019, Defendant wrote to the Court apologizing for her failure to Answer, (Dkt. No. 13), and on April 24, 2019, the Court directed Defendant to respond within two weeks, (Dkt. No. 14).  On May 8, 2019, Defendant filed an Answer.  (*See* Answer (Dkt. No. 15).)

On September 20, 2019, Plaintiff filed a letter with the Court, explaining that the Parties had been unable to reach a settlement.  (Dkt. No. 16.)  On September 24, 2019, the Court adopted a briefing schedule for the instant Motion.  (Dkt. No. 17.)  On October 11, 2019, Plaintiff filed its Motion and accompanying papers.  (Dkt. Nos. 18–24.)  On October 28, 2019, Defendant filed a letter with the Court, stating that the Property was "recently on the market for a short sale," that she "ha[s] a buyer," and that she was "waiting on the contract to add [her] signature."  (Dkt. No. 26.)  On October 30, 2019, the Court replied that "the Motion schedule remains the same, unless and until the Parties explain why it should not."  (Dkt. No. 27.)  To date, Defendant has not filed any Opposition, or an update on the supposed sale of the Property, and the Court deems the Motion full submitted.

## II.  Discussion

### A.  Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same).  "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653

F.3d 156, 164 (2d Cir. 2011) (quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland County Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same). "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 521 (S.D.N.Y. 2015) (same).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . ., [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . ."). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

5

not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted).  At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (quotation marks omitted).  Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).  However, a district court should consider only evidence that would be admissible at trial.  *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998).  "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)).

Finally, the Second Circuit has instructed that when a court considers a motion for summary judgment, "special solicitude" should be afforded a pro se litigant, *see Graham,* 848 F.2d at 344; *accord Mercado v. Div. of N.Y. State Police,* No. 96-CV-235, 2001 WL 563741, at *7 (S.D.N.Y. May 24, 2001) (same), and a court should construe "the submissions of a pro se litigant . . . liberally" and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (italics and quotation marks omitted).  And, "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment." *Vt. Teddy Bear Co.*, 373 F.3d at 244; *see also*

*Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) (explaining that "an examination of the legal validity of an entry of summary judgment should . . . be[] made in light of the opposing party's pro se status" (italics omitted)). "Nonetheless, proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment." *Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund,* 27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014) (alterations, italics, and quotation marks omitted); *see also Flores v. City of New York*, No. 15-CV-2903, 2017 WL 3263147, at *2 (S.D.N.Y. July 31, 2017) (same).

### B.  Analysis

A plaintiff mortgagee in a foreclosure action establishes a prima facie case "by presenting a note, a mortgage, and proof of default . . . ." *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (citations omitted). This creates a "presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *See id.* (citations omitted). "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the Court along with proof that the mortgagor has failed to make payments due under the note." *U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-CV-5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011) (citations omitted), *aff'd,* 504 F. App'x 30 (2d Cir. 2012).

Here, there is no dispute that Plaintiff has established a prima facie case. Plaintiff has produced the Note and Mortgage, (*see* Compl. Ex. 1 ("Certificate of Merit with Attachments")), and has offered an affidavit and documentation indicating that Defendant has been in default of her loan obligations since July 1, 2018, (*see* Tracy Aff. ¶ 4). Defendant has not offered an

7

affidavit or other evidence to refute Plaintiff's submissions, and has not disputed that Plaintiff has produced adequate evidence of default. "Plaintiff has therefore established a prima facie case and is presumptively entitled to foreclosure." *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, No. 15-CV-8618, 2017 WL 2819867, at *3 (S.D.N.Y. June 28, 2017).

Accordingly, "the burden shifts" to Defendant to establish any affirmative defenses. *E. Sav., FSB v. Thompson*, No. 12-CV-1197, 2016 WL 2977268, at *2 (E.D.N.Y. May 19, 2016). Defendant's sole affirmative defenses were asserted in her Answer, where she alleged that "Plaintiff has agreed to a mortgage modification that renders this case moot, as of May 8, 2019." (Answer 2.) Similarly, Defendant alleged that "Plaintiff previously agreed to a mortgage modification in 2018 that would have allowed Defendant to make all mortgage payments and would have obviated the need for this lawsuit but then reneged on the agreement." (*Id.*) Neither defense is availing. First, Plaintiff has produced no evidence in support of the existence of such modifications, nor even described the purported modifications with any degree of specificity. Such unsubstantiated statements are insufficient to establish a dispute of material fact. *See Bank of Am., N.A. v. Vanderbilt Trading USA LLC*, No. 17-CV-7167, 2019 WL 8807747, at *5 (E.D.N.Y. Sept. 9, 2019) (explaining that where a defendant fails to respond to a 56.1 Statement, a court may consider a defendant's verified answer as it would an opposition to a 56.1 Statement, but that all assertions, "including its affirmative defenses, must be supported by specific facts to raise a genuine dispute" and "conclusory assertions will not be considered"); *Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*, No. 17-CV-6089, 2018 WL 2138624, at *5 (S.D.N.Y. May 9, 2018) (requiring that a verified answer contain "specific factual allegations" to resist a motion for summary judgment).

Second, in New York, "modification of a mortgage is subject to the statute of frauds and accordingly must be in writing to be enforceable and signed by the party to be charged." *Yanes v. Ocwen Loan Serv., LLC*, No. 13-CV-2343, 2015 WL 631962, at *3 (E.D.N.Y. Feb. 12, 2015) (citation and quotation marks omitted); *see also Miller v. HSBC Bank U.S.A., N.A.*, No. 13-CV-7500, 2015 WL 585589, at *3 (S.D.N.Y. Feb. 11, 2015) (explaining that modifications of mortgage terms are governed by the statute of frauds). Moreover, courts in New York also apply the parole evidence rule to bar parties "from introducing evidence of an alleged oral modification of [a] note and mortgage." *Solomon v. Burden*, 961 N.Y.S.2d 535, 536 (App. Div. 2013); *see also Eastern Sav. Bank, FSB v. Sassouni*, 892 N.Y.S.2d 421, 422 (App. Div. 2009) ("[E]vidence of an alleged oral modification . . . which contradicts an express term of [a] note is barred by the parol evidence rule."). Here, Defendant has not produced any documentary proof, or even asserted, that the Parties modified the loan in writing. Accordingly, even if a modification was agreed to orally, it "would not be legally effective under New York law." *Capital One Nat'l Ass'n v. 48–52 Franklin, LLC*, 2014 WL 1386609, at *6 (S.D.N.Y. Apr. 8, 2014). Defendant's affirmative defenses therefore fail.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 18), enter judgment for Plaintiff, close this case, and mail a copy of this Opinion to Defendant.

SO ORDERED.

DATED:    July 6, 2020
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE